UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
DAWN SALIBA,

                     Plaintiff,              MEMORANDUM AND ORDER

    -against-                    CV 13-2721 (LDW) (ARL)

FIVE TOWNS COLLEGE,

                     Defendant.
--------------------------------------------------X
Wexler, J.

      Plaintiff Dawn Saliba ("Saliba") brings this action against defendant Five Towns College

("FTC") asserting a claim for retaliation under Title VII of Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.* ("Title VII"), and supplemental state law claims for intentional infliction of

emotional distress and breach of contract. FTC moves to dismiss the Complaint under Federal

Rule of Civil Procedure 12(b)(6). Saliba opposes the motion.


                  I. BACKGROUND

      For purposes of this decision, the allegations of the Complaint can be summarized as

follows. Saliba was an Assistant Professor of English at FTC. She was terminated on December

23, 2001, allegedly in retaliation for complaints that she made "regarding many topics, most

particularly a sexual harassment issue involving a professor and his students." Complaint ¶ 12.

According to Saliba, her "termination . . . occurred solely because she had voiced her concerns

regarding rampant corruption in the administration of FTC . . . , as well as concerning the safety

and well-being of members of the student body, who were either being sexually harassed by

another professor, or who were participating in the use and distribution of illegal drugs, with

members of campus security personnel employed by FTC." *Id.* ¶ 24. The Complaint identifies 34 "specific complaints" that she made concerning FTC. *See id.* ¶ 25.

Following her termination, Saliba filed with the Equal Employment Opportunity Commission ("EEOC") a "Charge of Discrimination" (the "EEOC Charge"). *See* Affidavit of Howard M. Miller, Esq, dated Sept. 25, 2013, Exh. A. In the EEOC Charge, Saliba claimed that she suffered retaliatory discharge because of formal complaints that she made "regarding many topics, most particularly a sexual harassment issue involving a professor and his students and events involving the sale and/or use of drugs by a Campus Security officer and certain students." *Id.* She further claimed that she was subjected to "discriminatory behavior" by FTC "because of my gender and status as a younger, junior faculty member." *Id.*

Upon receiving a notice of right to sue, Saliba brought this action, asserting claims for (1) retaliation; (2) intentional infliction of emotional distress; and (3) breach of implied contract (based on anti-discrimination provisions in FTC's "Faculty Handbook"). FTC moves to dismiss all of the claims.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss,

the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

B. Retaliation Claim

To state a claim for retaliation, a plaintiff must plead facts showing " '[1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action.' " *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995)). To satisfy the first requirement, the plaintiff need only show a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Id.* (quoting *Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)) (quotation omitted).

FTC argues that the Complaint fails to state a claim for retaliation. Upon consideration, the Court agrees. As FTC argues, to the extent that Saliba maintains that she was retaliated against for reporting sexual harassment of a student by a faculty member, the Complaint fails to state a claim for retaliation. Saliba's claim of retaliation for opposing discrimination by a co-employee against a non-employee is not cognizable under Title VII; such activity does not

constitute "protected activity," as Saliba could not reasonably believe that she was opposing racial discrimination in an employment practice. *See Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 134 (2d Cir. 1999) (holding complaint of retaliation for opposing co-employee's discrimination against non-employees not cognizable under Title VII); *see also Palmer v. Penfield Cent. Sch. Dist.*, 918 F. Supp. 2d 192, 199 (W.D.N.Y. 2013) ("Courts have repeatedly held . . . that a teacher's complaints about alleged discrimination directed against a student do not constitute opposition to an unlawful employment practice.").

In her opposition papers, Saliba contends that FTC's argument is "selective and misplaced," in that she "specifically opposed discriminatory practices by [FTC] concerning racial discrimination in the employment of a faculty that was overwhelmingly white." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, at 2-3 (citing Complaint ¶ 25). However, as FTC argues, the Complaint does not allege that Saliba's complaints of racially discriminatory practices resulted in any adverse employment action against her. Indeed, the Complaint asserts that her termination occurred "solely" because she raised concerns about: (1) "rampant corruption in the administration of FTC"; (2) student safety regarding sexual harassment by a faculty member; and (3) illegal drug use or distribution with campus security personnel. *Id.* ¶ 24. As the Supreme Court recently clarified, to state a claim for retaliation under Title VII, a plaintiff must show that "her protected activity was a but-for cause of the alleged adverse action by the employer," not just a motivating factor. *University of Texas Southwestern Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Because the Complaint does not allege that Saliba's complaints of racially discriminatory practices were a but-for cause of her termination, the claim fails and must be dismissed.

Moreover, Saliba failed to raise this claim before the EEOC. "As precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Nevertheless, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (internal quotation marks omitted). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). "In determining whether claims are reasonably related, the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.' " *Deravin*, 335 F.3d at 201 (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)); *see also Mathirampuzha v. Potter*, 548 F.3d 70, 76-77 (2d Cir. 2008) (observing that the " 'reasonably related' inquiry requires a fact-intensive analysis"). Saliba's EEOC Charge alleged retaliatory discharge based on: (1) her complaints about sexual harassment of a student by a professor and about illegal drug sale and/or use with campus security personnel; and (2) her gender and "status as a younger, junior faculty member." Saliba raised no charge of retaliation based on complaints about racially discriminatory practices by, or racial make-up of, FTC. Indeed, the EEOC Charge did not contain the factual underpinnings of a retaliation claim based on race discrimination as Saliba made no reference to racially discriminatory practices by, or racial make-up of, FTC. Thus, Saliba's claim that her discharge resulted from her complaints about FTC's racially discriminatory practices or racial

make-up does not fall within the scope of the EEOC investigation reasonably expected to grow out of the charges that she made – sexual harassment of a student by a faculty member, and drug distribution and/or use with campus security personnel.  Accordingly, any such claim must be dismissed for failure to exhaust administrative remedies.

C.  Supplemental State Law Claims

FTC also seeks dismissal of Saliba's state law claims for intentional infliction of emotional distress and breach of contract.  However, given the dismissal of Saliba's federal claim, the Court declines to exercise jurisdiction over Saliba's supplemental state law claims – the only remaining claims in this action.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it had original jurisdiction).  Thus, the remaining state law claims are dismissed without prejudice for lack of subject-matter jurisdiction.

III.  CONCLUSION

For the above reasons, FTC's motion to dismiss is (1) granted to the extent that Saliba's federal claim is dismissed; and (2) denied as to the supplemental state law claims, which are dismissed without prejudice for lack of subject-matter jurisdiction.  The Clerk of Court is directed to enter judgment and to close the file in this action.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      January 10, 2014